**ORDERED.**

Dated: December 11, 2024

_____
Tiffany P. Geyer
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

IN RE:                                                       Case No:     6:24-bk-02790-TPG

**FERNANDO ALBERTO VILORIA**
**ERICKA M ROJAS SUAREZ**

                                      **Debtors**   /                  **Chapter 13**
_____

**ORDER CONFIRMING PLAN**

THIS CASE came on for a hearing on December 10, 2024 (the "Confirmation Hearing"), of Debtors' Chapter 13 Plan (Doc. No. 38) (the "Plan"). References to the Plan include Debtor's most recently file amended Plan, if any, an any amendments approved by prior order or made in open court during the Confirmation Hearing, all of which are incorporated in this Order. The Court finds that the Plan was served on all interested parties and complies with the provisions of Chapter 13 of the Bankruptcy Code and other applicable provisions of the Code.

   Accordingly, it is

   **ORDERED:**

1. ***Confirmation.*** The Plan is confirmed as stated herein. If there is a discrepancy between the provisions of the Plan and this Order, the provisions of this Order supersede the Plan. By entry of this Order, any objections to confirmation of the Plan are deemed withdrawn and/or overruled by entry of this Order.

2. ***Personal Financial Management Course.*** Debtors must complete a required personal financial management course and file a certificate that such course has been completed within 90 days of the entry of this Order.

3. ***Plan Payments.*** Debtors must make monthly payments ("Plan Payments") to the Trustee as stated in the attached Exhibit "A" for 36 consecutive months commencing on June 30, 2024. Debtors must make Plan Payments by (a) Trustee-approved electronic transfer, or (b) money order, cashier's check, or employee wage deduction mailed to the Chapter 13 Standing Trustee, **Laurie K. Weatherford, P.O. Box 1103, Memphis, TN 38101-1103**. Each Plan Payment must reference Debtors' legibly printed name and the Chapter 13 case number, and must not identify Debtors' social security number.

4. ***Trustee's Statutory Percentage Fee.*** The Trustee will collect from each Plan Payment the Trustee's statutory percentage fee authorized by 28 U.S.C. § 586 (the "Trustee's Statutory Percentage Fee"). If the Trustee's actual Statutory Percentage Fee is less than provided for in the Plan, the Trustee may allocate any unused portion of the Statutory Percentage Fee to fund the Plan if necessary for Debtor to obtain a discharge, or to increase the distribution to unsecured creditors.

5. ***Income Tax Returns.*** While the Chapter 13 case is pending, Debtors must timely file all tax returns and make all tax payments and deposits when due; if Debtors are not required to file tax returns, Debtors must provide Trustee with a statement to that effect. For each tax return that becomes due after the case is filed, Debtors must, within 14 days of filing the return, provide the Trustee with a complete copy of the tax return, including business returns if Debtors owns a business, together with all related W-2s and Form 1099s. Debtors

must not instruct the Internal Revenue Service or other taxing agency to apply a refund to the following year's tax liability.

6. *Income Tax Refunds*. Beginning with tax year 2024, unless otherwise consented to by the Trustee or ordered by the Court, in addition to Plan Payments, Debtors must turn over all tax refunds to the Trustee for distribution to allowed general unsecured creditors. Upon receipt of any tax refund, Debtors must immediately forward the amount of the refund to the Trustee and must include Debtors' bankruptcy case number. **Debtors must not spend any tax refund without first having obtained the Trustee's consent or court approval.**

7. *Postpetition Domestic Support Obligations.* Debtors are responsible for paying any domestic support obligation that first becomes payable after the petition date.

8. *Postpetition Homeowners' or Condominium Association Assessments or Dues and Property Taxes.* Unless otherwise provided for in this Order or any other order of this Court, Debtors are responsible for paying all postpetition ongoing homeowners' or condiminium association assessments or dues, and/or property taxes that are related to real property being retained by Debtor under the Plan, and the automatic stay shall not apply to these postpetition expenses.

9. *Debtors' Continuing Duty to Disclose Changes in Financial Circumstances and Assets*. Debtors have the continuing duty to disclose any changes in financial circumstances and new assets or potential rights to assets that Debtors acquire postpetition by promptly filing amended schedules A, B, I, and J, as applicable. Debtors' failure to disclose changes in financial circumstances or assets by filing amended schedules may result in dismissal of the case and/or denial of Debtors' discharge. If Debtors fails to file amended schedules I and/or J in support of a motion to modify or Debtors' opposition to a motion to modify due to a change in financial circumstances, the Court may deny Debtors' requested relief without a hearing. Changes in financial

circumstances may include but are not limited to:

    (a)    annual increases of $10,000 or more in gross income from any source from the last filed Schedules of the Debtors;

    (b)    the right to receive and/or the receipt of an inheritance or life insurance proceeds;

    (c)    receipt of any asset, winnings, or prize(s) of $5,000 or more in value during any calendar year;

    (d)    any claims or potential claims against third parties that accrue and that have not been previously disclosed on the schedules; and/or

    (e)    any changes in expenses or household size that substantially impact Debtors' disposable monthly income.

10.    ***Prohibition on Post-Confirmation Debt***. Debtors must not incur any post-confirmation debt outside the ordinary course during the term of the Plan without prior approval of the Court or the Trustee.

11.    ***Distributions Under the Plan.*** The Trustee shall disburse payments to the holders of allowed claims as stated on the attached Exhibit "A" or any subsequent Court order. The Trustee may distribute partial Plan Payments to creditors in their order of priority based upon the availability of funds. If Debtors' Plan Payments are timely paid, payments to secured creditors that are included in Plan Payments shall be deemed contractually paid on time. If Trustee has insufficient monies to make distributions to Creditors as stated in this Order, or any other Court order, the Trustee may adjust the amount of the Plan Payments during the life of the Plan without further order of this Court under § 1329. Inasmuch as no creditor will be adversely affected by the modification, notice and hearing are not required.

12.    ***Claims***. All claims, including Debtors' attorney's fees, are allowed or disallowed as stated in Exhibit "A" attached hereto. Within 21 days of the date of this Order, any party in interest may request the Court to examine fees to be paid to Debtors' attorney.

13. ***Objections to Claims***. If the deadline to file proofs of claim has not yet expired, Debtors shall have 28 days following the expiration of the deadline to object to any filed claim that has not already been provided for in this Order.

14. ***Disallowance of Amended and Untimely Filed Claims***. Except for (a) a claim filed by Debtors or the Trustee under Rule 3004; (b) a claim provided for in Exhibit "A" of this Order or subsequent modification of Exhibit "A;" or (c) an amended claim filed in a lesser amount than the timely filed original claim, any claim or amended claim filed after the claims bar date will be disallowed and will receive no distribution unless the Court enters an order granting the claimant's motion to allow the claim as timely filed.

15. ***Claims Timely Filed After Entry of this Order***. If this Order is entered before the expiration of the Claims Bar Date and does not provide for a timely filed claim, Debtors must promptly file an appropriate motion to modify the confirmed Plan, and if applicable, any objection to the claim or motion to determine secured status. The Trustee shall review the claims register after all deadlines for filing proofs of claim have expired and may file a motion to dismiss if Debtors fails to promptly take appropriate action to address all timely filed claims.

16. ***Mortgage Payment Changes.*** The procedure for treatment of mortgage payment changes and escrow account adjustments during the life of the Plan shall be governed by Rule 3002.1(b). If the holder of a claim secured by Debtors' principal residence files and serves a Notice of Payment Change, the Trustee shall take the following action:

(a) If the new payment is *less* than the current payment, the Trustee may reduce the monthly distribution to the creditor in accordance with the Notice of Payment Change and apply the difference to increase the distribution to unsecured creditors; or

(b) If the new payment is *greater* than the current payment, the Trustee shall (i) compute the

necessary increase to Debtors' Plan Payment and notify Debtors and Debtors' attorney of the new Plan Payment; and (ii) increase the monthly distribution to the creditor.

The foregoing provisions are, in effect, a modification to the Plan, which is deemed requested by the Trustee under § 1329. Inasmuch as no creditor will be adversely affected by the modification, notice and hearing are not required.

17. ***Arrearages.*** The Plan provides for the cure of any prepetition and postpetition arrearages. After the completion of all payments under the Plan and the entry Debtor's discharge under § 1328, the delinquencies on mortgages and security interests related to such claims will be deemed cured and their contractual dates of maturity reinstated. Any postpetition costs or expenses incurred by or on behalf of any secured creditor will be discharged upon the completion of the Plan, unless (a) specifically provided for in this Order or (b) allowed pursuant to a notice provided under Rule 3002.1(c) before the completion of Plan Payments.

18. ***Retention of Secured Creditors' Liens.*** The holders of allowed secured claims provided for in the Plan shall retain the lien securing such claim until the earlier of (a) the payment of the underlying debt determined under non-bankruptcy law, or (b) entry of Debtors' discharge under § 1328. If the case is dismissed or converted without completion of the Plan, such lien shall also be retained by the holder to the extent recognized by applicable non-bankruptcy law.

19. ***Distributions to Unsecured Creditors.*** The Trustee shall hold all funds payable to general unsecured creditors for at least 30 days after the deadline for filing proofs of claim has expired, and the Trustee may continue to hold all such funds until all objections to claims have been resolved.

20. ***Distributions on Amended Claims in Lesser Amount than the Original Claim, Satisfaction of Claims, and Withdrawn Claims.*** If a creditor files an amended claim in a lesser amount than the original claim, files a satisfaction of its proof of claim, or withdraws its proof of claim, the Trustee, at the Trustee's discretion,

may (a) reduce the creditor's distribution to be consistent with the lesser amount of an amended claim; (b) elect to seek recovery of funds already disbursed or take no action at all regarding funds already disbursed to that creditor; or (c) discontinue any further disbursements if a claim is amended, satisfied or withdrawn to reflect that the claim has been paid in full. Any disbursements made under this Order on account of a claim that is subsequently amended are deemed authorized disbursements, and the Trustee shall have no liability therefor.

21. ***Termination of the Automatic Stay.*** The automatic stay was terminated *in rem* as to Debtors and *in personem* as to any codebtor as to any secured creditor or lessor for which the Plan provided (a) for the surrender of collateral or leased property to the secured creditor or lessor; (b) for Debtor to make payments directly to the secured creditor or lessor; (c) that Debtors does not intend to make payments while preserving state law contract rights and defenses; or (d) for which no provision was made in the Plan. The automatic stay is terminated *in rem* as to the Debtors and *in rem* and *in personam* as to any codebtor as to any secured creditor or lessor not provided for in this Order.

22. ***Refund of Undisbursed Plan Payments if Case is Dismissed or Converted.*** If the case is dismissed or converted to a case under Chapter 7, Chapter 11, or Chapter 12, subject to the provisions of Paragraph 23 and as soon as practicable, the Trustee shall refund to Debtors any undisbursed funds in the Trustee's possession after subtracting (a) any Trustee's Statutory Percentage Fee not previously disbursed under paragraph 5 of this Order, and (b) any allowed unpaid administrative expense claims, including Debtors' attorney's claim for fees, from the amount refunded to Debtors. The Trustee may remit payment to the holders of allowed administrative expense claims directly to the holders.

23. ***Administrative Expense Claims if Case is Dismissed or Converted.*** If the case is dismissed or converted to a case under another chapter, holders of unpaid administrative expense claims, including Debtors' attorney, that seek payment in the Chapter 13 case must file their applications no later than 14 days after entry of

the order dismissing or converting the case. Applications may be filed using the negative notice provisions of Local Rule 2004-2. No application is necessary for fees previously awarded in this Order.

24. ***Debtors' Declaration Regarding Domestic Support Obligations and § 522(q)***. Upon completion of all payments under the Plan, Debtors must promptly file an affidavit or declaration under penalty of perjury that (a) either lists all domestic support obligations and whether such obligations are current or states that Debtors is not required to pay a domestic support obligation; and (b) statues that § 522(q)(l) is not applicable and there is no proceeding pending in which Debtors could be found guilty of an offense listed in § 522(q)(l) or liable for a debt of the kind listed in § 522(q)(1)(B).

25. **Entry of Discharge.** The entry of a discharge shall be withheld until Debtors complies with Paragraphs 2 and 24.

26. ***Student Loans.*** Any discharge entered in this case shall not discharge Debtors' liability on a federally guaranteed student loan unless the Court specifically finds in a separate adversary proceeding under § 523(a)(8) that repayment of the debt would cause an undue hardship to Debtors or Debtors' dependents.

27. ***Section 521(i)(1).*** This case is not subject to § 521(i)(1).

28. ***Reconsideration.*** If this Order contains any modified term or condition not timely noticed to interested parties, any party may seek reconsideration of this Order withint 14 days of its entry by separate motion.

Trustee **Laurie K. Weatherford** is directed to serve a copy of this order on interested parties who are non-CM/ECF users and to file a proof of service within 3 days of entry of the order.

# APPENDIX

## State Taxes

### Sales Taxes and Unemployment Taxes.

**Mail reports and payments to:**

State of Florida - Department of Revenue
Office of General Counsel/Bankruptcy Section P.O. Box 6668
Tallahassee, FL 32314-6668

### Federal Taxes

Federal tax deposits of social security taxes (employer and employee shares) and withholding taxes are to be made within three banking days after each payroll is made. Deposits are to be made in a Federal Reserve Bank or a commercial bank authorized to accept federal tax deposits. Deposits are to be made by cashier's or certified check and be accompanied by Form 8109, Federal Tax Deposit Withheld Income and FICA Taxes. If Form 8109 is not available, deposits are to be mailed within the time prescribed or deposits to the address indicated below. If you pay amounts with Form 941 that should have been deposited, you may be subject to penalty. See Deposit Penalties in Section 11 of Pub. 15 (Circular E).

Mail original returns prepetition (prior to confirmation) to the appropriate district office listed below according to the county listed in the bankruptcy petition as Debtor's residence or place of operating business.

If any taxes are due on the prepetition returns, they should be included in the Plan (paid through the Trustee) and the IRS should be noticed at the Philadelphia address regarding the bankruptcy

| Jacksonville District | Ft. Lauderdale District |
|---|---|
| Internal Revenue Service | Internal Revenue Service |
| **Attn: Insolvency, Stop 5720** | **Attn: Insolvency, Stop 5730** |
| 400 W. Bay Street, Suite 35045 | P.O. Box 17167 |
| Jacksonville, FL 32202 | Ft. Lauderdale, FL 33318 |

**Mailing of original returns postpetition (after confirmation) and/or payments for those returns should be sent to the regularly scheduled address as listed by the IRS on your filing information.**

Exhibit "A"

| Claim Nbr. | | Claim Type | Claim Amount | Claim Allowed | Notes | | Monthly Payments |
|---|---|---|---|---|---|---|---|
| AT | Jessica Granados Chavez | Attorney Fee | $2,500.00 | $2,500.00 | | | |
| | | | | | | 01-06/ | $280.76 |
| | | | | | | 07-07/ | $187.04 |
| | | | | | | 08-11/ | $137.04 |
| | | | | | | 12-12/ | $80.24 |
| 001 | Time Investment Company, Inc. | Secured | $5,003.42 | $0.00 | ( 1) | | |
| 002 | Us Department Of Housing & Urban | Ongoing Mortgage | $24,505.45 | $0.00 | ( 2) | | |
| 003 | Lvnv Funding, Llc | General Unsecured | $1,470.95 | $1,470.95 | | 01-36/ | Pro Rat |
| 004 | Lvnv Funding, Llc | General Unsecured | $803.03 | $0.00 | ( 3) | | |
| 005 | Lvnv Funding, Llc | General Unsecured | $987.63 | $987.63 | | 01-36/ | Pro Rat |
| 006 | Lvnv Funding, Llc | General Unsecured | $632.94 | $632.94 | | 01-36/ | Pro Rat |
| 007 | Discover Bank | General Unsecured | $2,707.01 | $2,707.01 | | 01-36/ | Pro Rat |
| 008 | Discover Bank | General Unsecured | $18,497.60 | $18,497.60 | | 01-36/ | Pro Rat |
| 009 | Ncb Management Services | General Unsecured | $811.75 | $811.75 | | 01-36/ | Pro Rat |
| 010 | Capital One N.A. - By Ais Infosource | General Unsecured | $852.29 | $852.29 | | 01-36/ | Pro Rat |
| 011 | Capital One N.A. - By Ais Infosource | General Unsecured | $1,049.41 | $1,049.41 | | 01-36/ | Pro Rat |
| 012 | Florida Power & Light | General Unsecured | $173.94 | $173.94 | | 01-36/ | Pro Rat |
| 013 | Lvnv Funding, Llc | General Unsecured | $3,881.23 | $3,881.23 | | 01-36/ | Pro Rat |
| 014 | World Omni Financial Corporation | Secured By Vehicle | $12,010.32 | $13,377.27 | ( 4) | | |
| | | | | | | 01-06/ | $0.00 |
| | | | | | | 07-31/ | $534.76 |
| | | | | | | 32-32/ | $8.27 |
| 015 | Td Bank, N.A. | General Unsecured | $9,687.49 | $9,687.49 | | 01-36/ | Pro Rat |
| 016 | Merrick Bank | General Unsecured | $1,668.24 | $1,668.24 | | 01-36/ | Pro Rat |
| 017 | Portfolio Recovery Associates, Llc | General Unsecured | $17,866.25 | $17,866.25 | | 01-36/ | Pro Rat |
| 018 | Us Small Business Administration | General Unsecured | $271,189.64 | $271,189.64 | ( 5) | 01-36/ | Pro Rat |
| 019 | Us Small Business Administration | General Unsecured | $18,097.21 | $18,097.21 | | 01-36/ | Pro Rat |
| 020 | Onemain Financial | General Unsecured | $1,164.45 | $1,164.45 | | 01-36/ | Pro Rat |
| 021 | Midfirst Bank | Ongoing Mortgage | $255,734.47 | $0.00 | ( 6) | | |
| 022 | Jefferson Capital Systems, Llc | General Unsecured | $17,160.88 | $17,160.88 | | 01-36/ | Pro Rat |
| 023 | Purchasing Power, Llc | Secured | $915.32 | $0.00 | ( 7) | | |
| 024 | Quantum3 Group, Llc | General Unsecured | $1,034.56 | $1,034.56 | | 01-36/ | Pro Rat |
| 025 | Finwise Bank | General Unsecured | $410.22 | $410.22 | | 01-36/ | Pro Rat |
| 026 | Resurgent Receivables, Llc | General Unsecured | $8,196.05 | $8,196.05 | | 01-36/ | Pro Rat |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 027 | Quantum3 Group, Llc | General Unsecured | $4,487.69 | $4,487.69 | | 01-36/ | Pro Rat |
| 028 | Lvnv Funding, Llc | General Unsecured | $7,795.94 | $0.00 | ( 8) | | |
| 029 | Lvnv Funding, Llc | General Unsecured | $1,499.91 | $1,499.91 | | 01-36/ | Pro Rat |
| 030 | Lvnv Funding, Llc | General Unsecured | $1,116.29 | $1,116.29 | | 01-36/ | Pro Rat |
| 031 | Inphynet South Broward, Llc | General Unsecured | $156.26 | $156.26 | | 01-36/ | Pro Rat |
| 032 | Upgrade, Inc. | General Unsecured | $1,783.98 | $1,783.98 | | 01-36/ | Pro Rat |
| 033 | Synchrony Bank By Ais Infosource L | General Unsecured | $2,692.33 | $2,692.33 | | 01-36/ | Pro Rat |
| 034 | Synchrony Bank By Ais Infosource L | General Unsecured | $1,818.38 | $1,818.38 | | 01-36/ | Pro Rat |
| 035 | Midland Credit Management, Inc. | General Unsecured | $5,856.24 | $5,856.24 | | 01-36/ | Pro Rat |
| 036 | Midland Credit Management, Inc. | General Unsecured | $1,751.34 | $1,751.34 | | 01-36/ | Pro Rat |
| 037 | Midland Credit Management, Inc. | General Unsecured | $575.03 | $575.03 | | 01-36/ | Pro Rat |
| 038 | Portfolio Recovery Associates, Llc | General Unsecured | $1,809.16 | $1,809.16 | ( 9) | 01-36/ | Pro Rat |
| 039 | Quantum3 Group, Llc | General Unsecured | $7,835.95 | $7,835.95 | | 01-36/ | Pro Rat |
| 040 | Quantum3 Group, Llc | General Unsecured | $7,595.92 | $7,595.92 | | 01-36/ | Pro Rat |
| 041 | Synchrony Bank | Secured By Vehicle | $8,229.51 | $0.00 | ( 10) | | |
| 042 | Us Small Business Administration | General Unsecured | $34,389.96 | $34,389.96 | | 01-36/ | Pro Rat |
| 321 | Midfirst Bank | Post-Petition Mortgage I | $250.00 | $0.00 | ( 11) | | |
| 350 | Jessica Granados Chavez | Monitoring Fees | $1,450.00 | $1,450.00 | ( 12) | | |
| | | | | | | 01-07/ | $0.00 |
| | | | | | | 08-36/ | $50.00 |
| 514 | World Omni Financial Corporation | General Unsecured | $1.00 | $1.00 | | 01-36/ | Pro Rat |

| | | |
|---|---|---|
| Note ( 1) | | CLAIM REPRESENTS AMENDED CLAIM 1-2. THIS CLAIM IS BEING PAID OUTSIDE PLAN AND DIRECTLY TO THIS CREDITOR. |
| Note ( 2) | | THIS CLAIM REPRESENTS A SUBORDINATE MORTGAGE. PAYMENT DUE JULY 1, 2051. |
| Note ( 3) | | PURSUANT TO ORDER SUSTAINING DEBTOR'S OBJECTION TO CLAIM FILED ON 10/3/2024, THIS CLAIM IS DISALLOWED IN ITS ENTIRETY. |
| Note ( 4) | | THIS CLAIM IS BEING PAID IN FULL WITH 5.90% INTEREST. |
| Note ( 5) | | THIS CLAIM REPRESENTS AMENDED CLAIM 18-2. |
| Note ( 6) | | THIS CLAIM REPRESENTS AMENDED CLAIM 21-2. PURSUANT TO THE AGREED ORDER APPROVING PERMANENT MORTGAGE MODIFICATION AGREEMENT ENTERED ON 7/25/2024, THIS CLAIM IS BEING PAID OUTSIDE PLAN AND DIRECTLY TO THIS CREDITOR IN ACCORDANCE WITH THE AGREEMENT TERMS. |
| Note ( 7) | | THIS CLAIM IS BEING PAID OUTSIDE PLAN AND DIRECTLY TO THIS CREDITOR. |
| Note ( 8) | | PURSUANT TO ORDER SUSTAINING DEBTOR'S OBJECTION TO CLAIM FILED ON 10/3/2024, THIS CLAIM IS DISALLOWED IN ITS ENTIRETY. |
| Note ( 9) | | THIS CLAIM REPRESENTS AMENDED CLAIM 38-2. |
| Note ( 10) | | THIS CLAIM IS BEING PAID OUTSIDE PLAN AND DIRECTLY TO THIS CREDITOR. |
| Note ( 11) | | THIS CLAIM REPRESENTS POSTPETITION MORTGAGE FEES, EXPENSES, AND CHARGES. CLAIM IS BEING PAID THROUGH PERMANENT MORTGAGE MODIFICATION AGREEMENT ENTERED ON 7/25/2024. |
| Note ( 12) | | THIS CLAIM REPRESENTS ATTORNEY MONITORING FEES. |

**Debtor Payments to the Trustee**

| Months | Amount |
|---|---|
| 1-6 | $311.96 |
| 7-36 | $802.00 |

NOTICE TO ALL CREDITORS LISTED ABOVE: In an effort to disburse all funds held by the trustee on a monthly basis, it is possible that you may on occasion receive partial payment. However, the Claim Allowed by this Court will be paid in full by the end of the debtor's Plan. All undesignated funds will be distributed to unsecured creditors with timely filed proofs of claim.

THE TRUSTEE SHALL PROVIDE TO THE COURT an amended confirmation order after all unsecured claim issues are resolved, if necessary. There will be no distribution to unsecured creditors listed on Exhibit A, attached hereto, for 90 days following the date of this Order.

IF MORTGAGE MEDIATION HAS BEEN ORDERED, the debtor and the creditor are directed to comply with the terms of the mortgage mediation modification order. The Trustee is authorized to disburse to the mediator the mediation fee upon the mediator filing a notice of completed mediation..

DEBTOR IS REQUIRED TO PROVIDE TO THE TRUSTEE EVERY SIX(6) MONTHS ALL PROPERLY REDACTED BANK STATEMENTS FOR ANY BANK ACCOUNT WHICH CLEARLY SHOWS ALL PAYMENTS THAT HAVE BEEN MADE TO ANY SECURED CREDITOR WHOSE CLAIM(S) IS BEING MADE OUTSIDE PLAN EITHER DIRECTLY OR BY A PARTY OTHER THAN THE DEBTOR, AND WHICH SHOW THAT THE DEBTOR(S) IS CURRENT ON ALL PAYMENTS OWED TO THE CREDITORS OVER THE FULL PLAN TERM. THE STATEMENTS CAN BE REDACTED SO THAT ONLY THE PAYMENTS IN QUESTION ARE SHOWN AND/OR THE PAYMENTS ARE CLEARLY HIGHLIGHTED AND/OR MARKED THAT PERTAIN TO THESE CREDITORS. PLAN MUST REMAIN 100% DIVIDEND TO UNSECURED CREDITORS. §1325(a)(4) Liquidation Value: $3,042.98.

The Debtor, Debtor's Counsel, each Creditor, and creditor's counsel are each responsible for their own independent review of this confirmation order and the distribution of the Plan payments set forth herein . Further, the numbers in the exhibit to the Confirmation Order reflect the disbursement codes that will be used for all funds received by the Trustee . The Debtor, Debtor's Counsel, each Creditor, and creditor's counsel are each responsible for their own independent review of said disbursement codes as well . DUE TO THE RES JUDICATA EFFECT OF THE CONFIRMATION ORDER AND THE SPECIFIC PROVISIONS THEREIN , IT IS IMPERATIVE THAT COUNSEL FOR ALL INTERESTED PARTIES REVIEW THIS ORDER THOROUGHLY AND TIMELY TAKE ALL STEPS NECESSARY TO CORRECT ANY PERCEIVED INACCURACIES .